UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
JASON POWELL,

                        Plaintiff,                **MEMORANDUM & ORDER**
                                                              15-CV-3733 (MKB)
                         v.

STATE OF NEW YORK, JUDGE LAPORTE,
DISTRICT ATTORNEY'S OFFICE and
KENNETH P. THOMPSON,

                        Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Jason Powell, proceeding *pro se* and currently incarcerated at Rikers Island, brings this action pursuant to 42 U.S.C. § 1983,[1] against Defendants the State of New York, Judge Evelyn Laporte,[2] the Kings County District Attorney's Office[3] and Kings County District Attorney Kenneth P. Thompson ("D.A. Thompson"),[4] alleging violations of Plaintiff's rights

---

[1] Because Plaintiff attached numerous documents to the Complaint, which are all filed as a single document, for convenience, all citations to pages of the Complaint and attached documents refer to the Electronic Filing System ("ECF") pagination. (Compl., Docket Entry No. 2.)

[2] Plaintiff lists only "Judge Laporte" on his form Complaint, but documents attached to the Complaint reveal that Plaintiff refers to Judge Evelyn Laporte. (*See* Compl. 24.)

[3] Plaintiff lists only "District Attorney Office" on his form Complaint, but the Court understands Plaintiff to refer to the Kings County District Attorney's Office. (Compl. 3.)

[4] Although Plaintiff fails to list D.A. Thompson in the Complaint's caption, Plaintiff subsequently lists D.A. Thompson as a defendant in his form Complaint. (Compl. 3.)

under the United States Constitution.[5] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, Plaintiff's claims are dismissed.

**I. Background**

The following factual allegations are taken from the Complaint and its attachments. Plaintiff's form Complaint recites no facts, stating only that "the district attorney violated [and] the judge let them violate my fundamental rights." (Compl. 4.) Although the Complaint provides little context for Plaintiff's allegations, documents relating to a New York State criminal proceeding against Plaintiff are attached to the Complaint.[6] (*Id.* at 8–14, 24–37.) These documents include legal filings apparently made by Plaintiff's lawyer and the Assistant District Attorney in a criminal proceeding against Plaintiff in state court, and they contain hand-written annotations. (*Id.*)

The documents recount the procedural history of Plaintiff's state criminal proceeding. It appears that on December 10, 2013, Plaintiff was charged with multiple counts of criminal contempt in the first and second degrees (the "December 2013 Charges"). (*Id.* at 8, 27.) Over a year later, on January 16, 2014, Plaintiff was indicted on new charges that did not include the December 2013 Charges ("January 2014 Indictment"). (*Id.* at 8–9.) After Plaintiff unsuccessfully moved to dismiss the January 2014 indictment, a new indictment was returned on March 5, 2015, which contained the December 2013 Charges ("March 2015 Indictment"). (*Id.* at 9.) Although unclear, it appears that Plaintiff moved to dismiss the charges in the March 2015

---

[5] Plaintiff initially filed this action in the United States District Court for the Southern District of New York. By Order dated June 23, 2015, Chief Judge Loretta Preska transferred the action to this Court. (Transfer Order, Docket Entry No. 3.)

[6] The documents appear to relate to *People v. Jason Powell*, Case Numbers 01604-2015 and 10584-2013. (Compl. 8–14.)

Indictment that were related to the December 2013 Charges. (*Id.* at 12, 31–32; Ex. A to Compl. ("Ex. A") 1–10, Docket Entry No. 2-1.)

According to an undated letter from Plaintiff to the Prisoner's Rights Project of the New York Legal Aid Society, which addresses Plaintiff's state criminal proceeding, Plaintiff had been in jail for sixteen months at the time he wrote the letter. (Compl. 20.) Plaintiff alleges that on April 23, 2015, Judge Laporte dismissed Plaintiff's "2013 indictment" when the March 2015 Indictment was returned. (*Id.*) Plaintiff also alleges that the period of time he was incarcerated, from December 10, 2013 through March 5, 2015, "does not count for" the March 2015 Indictment, and that it becomes "uncounted jail time [he] [does not] get credit for . . . ." (*Id.* at 21.) In the letter, Plaintiff asks for help and for information about whom he can "talk to about this matter," and states that he needs a lawyer. (*Id.* at 20–21.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (same); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even

after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss, *sua sponte*, an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## a. Non-suable entity — District Attorney's Office

The District Attorney's Office is a non-suable entity lacking any distinct legal existence distinct from the District Attorney. *See Barreto v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) ("[I]n the case of the Suffolk County District Attorney's Office, [it] was not an entity capable of being sued."); *Bryan v. New York*, No. 14-CV-8305, 2015 WL 4272054, at *3 (S.D.N.Y. July 13, 2015) ("New York district attorneys' offices are considered non-suable entities because the office of the district attorney is not a legal entity distinct from the district attorney himself." (citation and internal quotation marks omitted)); *Woodward v. Office of Dist. Att'y*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010) ("Under New York law, the [District Attorney's Office] does not have a legal existence separate from the District Attorney. Correspondingly, the District Attorney's Office is not a suable entity." (internal citation omitted) (alteration in original)). Accordingly, Plaintiff's claims against the Kings County District Attorney's Office are dismissed with prejudice.

## b. Judicial immunity — Judge Laporte

Plaintiff alleges that Judge Laporte violated his fundamental rights. (Compl. 4.) Plaintiff does not specify which rights Judge Laporte violated, however, reading the Complaint as a whole, it appears that the alleged violations stem from Plaintiff's ongoing criminal case and, specifically, the adjudication of a motion to dismiss an indictment for pre-trial delay, the filing of

4

a "new indictment" against Plaintiff, and Plaintiff's belief that the time he has spent in custody since his December 10, 2013 arrest will not "count" toward any time he may have to serve on the new indictment. (*Id.* at 9, 15, 21; Ex. A 1–9.)

Plaintiff's claims against Judge Laporte are dismissed based on judicial immunity. Judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in § 1983 actions); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (first citing *Mireles*, 502 U.S. at 9–10; then citing *Forrester v. White*, 484 U.S. 219, 225–26 (1988))). "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted) (second alteration in original); *Huminski v. Corsones*, 386 F.3d 116, 137–38 (2d Cir. 2004). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Here, Plaintiff's claims arise entirely from the ongoing criminal proceeding against him and appears to relate to Judge Laporte's conduct in that proceeding. Plaintiff does not allege, nor could the Complaint be construed to allege, that any of Judge Laporte's actions were non-judicial. Indeed, Plaintiff appears to complain only of Judge Laporte having permitted the filing of a second indictment and, perhaps, Judge Laporte's rulings as to Plaintiff's motion to dismiss in the ongoing criminal proceeding. (Compl. 20–21.) Claims arising from these acts are foreclosed by absolute judicial immunity and are dismissed. Additionally, to the extent

5

Plaintiff's vague allegations about his time in custody "counting" toward his new indictment relate to Judge Laporte's decisions in the ongoing criminal proceeding, those claims are also foreclosed by absolute judicial immunity and are dismissed. 28 U.S.C. § 1915A.

### c. Eleventh Amendment immunity

Plaintiff's claims against the State of New York and D.A. Thompson are barred by sovereign immunity as guaranteed by the Eleventh Amendment. "As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (first citing U.S. Const. amend. XI; then citing *Alden v. Maine*, 527 U.S. 706, 727–28 (1999)). States may only be sued in federal court when they have waived their sovereign immunity, Congress has acted to abrogate state sovereign immunity pursuant to Section 5 of the Fourteenth Amendment, or the plaintiff is suing a state official in his or her official capacity for prospective injunctive relief from an ongoing constitutional violation. *See* U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 564 U.S. 247, 255 (2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 152 (2d Cir. 2013); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Mary Jo C.*, 707 F.3d at 152 (internal quotation marks omitted) (quoting *Woods*, 466 F.3d at 236). In addition, "[t]he Eleventh Amendment bars the award of money damages against state officials in their official capacities." *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003); *see Woods*, 466 F.3d at 236 (holding that officials cannot be sued in their official capacities for money damages). "[T]he Supreme Court has frequently instructed that a state will not be deemed to have waived its

sovereign immunity unless the waiver is 'express' and 'unequivocal.'" *Doe v. Pataki*, 481 F.3d 69, 78 (2d Cir. 2007).

### i. State of New York

Plaintiff names the State of New York as a defendant liable for violations of his constitutional rights. "It is well established that 'New York State has not waived its sovereign immunity from Section 1983 claims.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015) (quoting *Nolan v. Cuomo*, No. 11-CV-5827, 2013 WL 168674, at *7 (E.D.N.Y. Jan. 16, 2013)) (collecting cases); *Panchisak v. New York*, No. 14-CV-1706, 2015 WL 221526, at *3 (S.D.N.Y. Jan. 12, 2015) ("New York has not waived sovereign immunity for § 1983 claims." (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977))). Accordingly, Plaintiff's claims against the State of New York are barred by Eleventh Amendment sovereign immunity.

### ii. D.A. Thompson

Plaintiff alleges that D.A. Thompson violated Plaintiff's fundamental rights. (Compl. 4.) Although the Complaint lacks specificity as to which of Plaintiff's rights were violated, reading the Complaint as a whole, it appears that the alleged violations stem from the same conduct underling the claims against Judge Laporte, specifically, the adjudication of a motion to dismiss an indictment for pre-trial delay, the filing of a new indictment against Plaintiff, and Plaintiff's belief that certain time Plaintiff has spent in custody will not "count" toward any time he may ultimately have to serve on the new indictment. (*Id.* at 9, 15, 21; Ex. A 1–9.) To the extent Plaintiff brings these claims against D.A. Thompson in his official capacity as the Kings County District Attorney, as with the State of New York, Eleventh Amendment sovereign immunity bars these claims.

Where a district attorney is sued for damages in his official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. *See Amaker v. N.Y. State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993))); *Ying Jing Gan*, 996 F.2d at 529 ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.").

### d. Absolute immunity — D.A. Thompson

To the extent Plaintiff attempts to bring claims against D.A Thompson in his individual capacity rather than his official capacity, such claims are also barred. Where a district attorney is sued pursuant to § 1983 in his or her individual capacity, although Eleventh Amendment immunity does not attach, *see State Emp. Bargaining Agent Coal. v. Rowland*, 718 F.3d 126, 137 (2d Cir. 2013), absolute immunity may attach to bar the suit, *see Amaker*, 435 F. App'x at 55 ("With respect to [the plaintiff's] individual-capacity claims against [the District Attorney and the Assistant District Attorney], the District Court correctly held that they were entitled to absolute prosecutorial immunity."). As the Supreme Court and the Second Circuit have repeatedly recognized, prosecutors performing duties related to their prosecutorial function are protected by absolute immunity. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991) ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." (citations and internal quotation marks omitted)); *Warney v. Monroe Cty.*, 587 F.3d 113, 120–21 (2d Cir. 2009); *Shmueli v. City of New*

*York*, 424 F.3d 231, 236 (2d Cir. 2005) (holding that a prosecutor acting "within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983" (internal citation and quotation marks omitted)); *see also Santulli v. Russello*, 519 F. App'x 706, 711 (2d. Cir. 2013) ("It is well settled that a prosecutor is entitled to absolute immunity for acts undertaken pursuant to her traditional function as an advocate in the prosecutorial process.").

Here, it appears that Plaintiff complains that D.A. Thompson obtained a second indictment against Plaintiff following the dismissal of previously-filed indictment, which caused delays in the ongoing criminal proceeding against Plaintiff. (Compl. 4, 20–21.) To the extent these claims are based on actions taken by D.A. Thompson in his official capacity as District Attorney, they are barred by the Eleventh Amendment. To the extent Plaintiff's claims are based on conduct resulting from the prosecution of the case against Plaintiff, D.A. Thompson is entitled to absolute immunity. Accordingly, the Court dismisses Plaintiff's claims against D.A. Thompson.

  e.  ***Younger* abstention**

Even if Plaintiff's claims were not bared by judicial immunity, absolute immunity or sovereign immunity, the Court would nevertheless abstain from deciding Plaintiff's claims based on the *Younger* abstention doctrine. Pursuant to the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, federal courts may not intervene in certain categories of state court proceedings. *See Sprint Commc'ns Inc. v. Jacobs*, 571 U.S ---, ---, 134 S. Ct. 584, 591 (2013). One such category that triggers *Younger* abstention is a "state criminal prosecution." *Mir v. Shah*, 569 F. App'x 48, 51 (2d Cir. 2014) (quoting *Sprint*, 571 U.S. at ---, 134 S. Ct. at 588). "[A]bstention under *Younger* is mandatory when: '(1) there is a pending state

9

proceeding, (2) that [proceeding] implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.'" *Abuzaid v. Mattox*, 726 F.3d 311, 316 (2d Cir. 2013) (quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003)).

Here, Plaintiff appears to be involved in an ongoing criminal proceeding in New York state court, and he challenges certain orders issued in that proceeding. To the extent Plaintiff is seeking this Court's intervention in an ongoing criminal proceeding, the Court is required to abstain under *Younger*. *See Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015) ("[A] district court must dismiss the federal action if it involves ongoing . . . state criminal prosecutions . . . ." (internal quotation marks omitted) (quoting *Sprint*, 571 U.S. at ---, 134 S. Ct. at 588)); *Camarano v. Russo*, No. 10-CV-419, 2010 WL 882985, at *1 (S.D.N.Y. Mar. 5, 2010) ("Allowing plaintiff's case to proceed in this Court while his state criminal case remains pending could interfere with the state court's trial of that action — for example, by creating potentially conflicting rulings." (citing *Younger*, 401 U.S. at 44)). New York State has a clear interest in prosecuting alleged crimes, and there is no indication that Plaintiff lacks an adequate opportunity for judicial review of his constitutional claims related to that proceeding. Indeed, based on the memoranda of law attached to the Complaint, Plaintiff appears to be pursuing judicial review through his attorney in the state criminal proceeding. (Compl. 6–14.) Under these circumstances, the Court must abstain pursuant to *Younger*. *See Abuzaid*, 726 F.3d at 316; *Shelley v. Gulotta*, No. 09-CV-4883, 2010 WL 309011, at *2 (E.D.N.Y. Jan. 26, 2010) (applying *Younger* where the plaintiff's ongoing "state proceeding implicate[d] New York State's important interest in enforcing its own criminal laws" and he would "have adequate opportunity for judicial review of his federal constitutional claims in state court").

### III. Conclusion

For the foregoing reasons, Plaintiff's claims are dismissed. 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to close this case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 30, 2015
       Brooklyn, New York